IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BENJAMIN D. HATCHER, SR. and CAROLYN J. HATCHER,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH D. THOMPSON and METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. 7:24-cv-00016-WLS |

STIPULATION AND PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIAL

Plaintiffs Benjamin D. Hatcher, Sr. and Carolyn J. Hatcher and Defendant Metropolitan Life Insurance Company ("MetLife") stipulate as follows:

1.

This Order shall govern all documents produced by the parties in this action that are designated as "Confidential" or "Confidential Information" pursuant to the terms of this Order and any information or testimony pertaining to such documents during this litigation. As used herein, the word "document" or "documents" also includes any portion of a transcript of deposition or other proceeding, exhibit, affidavit, declaration, data (including electronic data) and material (including its content) produced in discovery during this litigation that pertains to documents designated as "Confidential" or "Confidential Information." Any party producing documents or information pursuant to formal or informal discovery, including but not limited to Rules 26, 30, 33 and 34 of the Federal Rules of Civil Procedure (the "producing party"), to any other party (the

"inspecting party"), may designate all (or any portion) of such information or documents as "confidential." This may include documents or information produced or otherwise made available in this litigation by any affiliate of that party, witnesses or expert witnesses, and the present or former officers, directors, agents or employees of a corporate party or entity. Any designation of "confidential" status must rest on a good faith and reasonable belief by the designating party that the information is sensitive, confidential, and/or derives value from not being publicly disseminated or available.

2.

No document or information provided under Paragraph 1 may be disclosed to any person, except for the following:

(a) Counsel of record; (b) the parties; (c) employees of the parties; (d) persons assisting counsel of record, including office staff of counsel, expert witnesses, and other individuals retained by the parties and/or counsel for the parties to whom it is necessary that the material be disclosed for purposes of this litigation, and who agree to comply with this Order; and (e) any fact witnesses or deponents whose testimony is necessary or relates to the content of the documents or information referenced in Paragraph 1, provided that the witness or deponent agrees to comply with this Order. Before disclosure of Confidential Information to the persons listed in subsections (d) and (e), they must be provided a copy of this Order and sign a Confidentiality Agreement in the form attached as Exhibit A.

3.

All such documents and information the producing party produces pursuant to paragraph 1 shall be deemed "Confidential" and used only in the course of this action, including for use as evidence in any trial herein, if admissible, and shall not be used or provided for use in any other

litigation or proceedings, and specifically shall not be disclosed to other parties in other litigation, and shall not be disclosed to anyone at any time other than as specifically provided herein.

4.

The documents and information the producing party produces pursuant to Paragraph 1 shall not be published orally, electronically, by copy, or by any other means to any person other than persons enumerated in paragraph 2 of this Order.

5.

The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

6.

A party may designate information disclosed at a deposition as "Confidential" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as "Confidential." If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in

accordance with this Protective Order.

7.

Upon conclusion of this action, the inspecting parties and/or counsel for the inspecting parties shall return to the producing party the original and all copies made of such documents described in Paragraph 1 within 30 days after conclusion of the case, including any appeals, or verify in writing that all such documents and copies have been destroyed. This paragraph shall not apply to the Court, its record, or court personnel.

8.

In the event a party, non-party or their attorney is required to appear in any subsequent legal proceeding which may concern documents deemed as "Confidential" or information contained therein, the party, non-party or their attorney will notify the producing party's designated agent as soon as reasonably practicable after receipt of such process (including summons, subpoena or court order), but in any event sufficiently in advance of the disclosure such that the producing party may thereafter take such action as it deems necessary to prevent any disclosure. The person required to testify may respond to any questions regarding the documents or information unless directed by a Court to refrain from testifying. No notice under this paragraph shall be required if the producing party is a party to any such subsequent legal proceeding.

9.

MetLife's designated agent for notice hereunder is:

William B. Wahlheim, Jr.
MAYNARD NEXSEN, P.C.
1901 Sixth Avenue North
Suite 1700
Birmingham, Alabama 35203
(205) 254-1000
wwahlheim@maynardnexsen.com

10.

If a party wishes to submit the documents referenced in Paragraph 1 to the Court in support of or in opposition to a motion or to introduce the documents referenced in Paragraph 1 as evidence of record at a hearing or during trial, that party shall first make a motion to file the documents under seal. This protective order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, must comply with local practice for seeking to file documents under seal. In the event that the Court grants any motion for protective order, motion to seal, or otherwise orders confidential protection for information or records at issue, the parties shall treat any such information in compliance with those orders, including but not limited to filing any such confidential records "under seal" with the Clerk of the Court as directed. Use of any confidential document(s) or portion(s) thereof remain(s) subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and evidentiary rulings of the Court.

11.

If an inspecting party disagrees with a designating and/or producing party's designation of any document as Confidential and/or Confidential Information, the inspecting party may request in writing that the designating and/or producing party re-designate such document. If the designating and/or producing party does not re-designate such document, the inspecting party may request the Court to order the re-designation of such document. It is the designating and/or producing party's burden to prove good cause for any such designation challenged by the receiving party.

12.

In the event a recipient of Confidential Information produced in connection with this action

receives any subpoena, other legal process or request directed at compelling the production of Confidential Information, that recipient shall immediately notify Counsel for the producing party in writing, so as to afford it ample opportunity to contest that subpoena, legal process or request.

13.

The United States District Court for the Middle District of Georgia retains jurisdiction to alter or amend this Order by further order of the Court.

14.

Nothing in this Order shall abridge the right of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of Confidential Information. Neither does it abridge or otherwise limit the right of any non-party, or any third-party producing documents/information relating to this lawsuit, to seek permission to intervene to challenge the terms of, or operation of, this Order.

SO ORDERED this 13th day of August, 2024.

W. LOUIS SANDS, SR. JUDGE
**UNITED STATES DISTRICT COURT**

Consented to by:

*/s/ Robert D. Howell (w/permission)*
ROBERT D. HOWELL
**HOWELL LAW FIRM, P.C.**
Georgia Bar No. 372598
P. O. Box 100
Moultrie, GA 31776
229-985-5300
229-891-3378 – fax
robert.howell@southgalaw.com

Robert R. McLendon, IV
State Bar of Georgia No. 497555
214 Court Square, 2nd Floor
Blakely, GA 39823
(229) 723-2635
www.TheMcLendonLawFirm.com

*Counsel for Plaintiff*

*/s/ William B. Wahlheim, Jr.*
Christopher Frost
Georgia Bar No. 101084
William B. Wahlheim, Jr., *pro hac vice*
MAYNARD NEXSEN, P.C.
1901 Sixth Ave North, Suite 1700
Birmingham, AL 35203
205-254-1000
cfrost@maynardnexsen.com
wwahlheim@maynardnexson.com

*Counsel for Defendant MetLife*

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| BENJAMIN D. HATCHER, SR. and CAROLYN J. HATCHER,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH D. THOMPSON and METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. 7:24-cv-00016-WLS |

## CONFIDENTIALITY AGREEMENT

I hereby affirm that:

Information, including documents and things, designated as "Confidential" or "Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this court for enforcement of the Protective Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of this litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written

consent of the party who designated the information as Confidential or by order of the presiding judge.

_____
SIGNED

_____
PRINTED NAME

_____
DATE